UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
                                  :
JOHN WILEY & SONS, INC.,          :    11 Civ. 7627 (WHP)
                                  :
              Plaintiff,          :    MEMORANDUM & ORDER
                                  :
       -against-                  :
                                  :
JOHN DOES NOS. 1-27,              :
                                  :
              Defendants.         :
                                  :
----------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/3/12

WILLIAM H. PAULEY III, District Judge:

      Defendant John Doe No. 7 ("Doe No. 7") moves for an order 1) allowing him to proceed anonymously; 2) dismissing the complaint against him for lack of personal jurisdiction and improper venue; and 3) severing him from the other defendants in this litigation. Doe No. 7 further moves to quash the subpoena addressed to CSC Holdings, LLC (i.e., Optimum Online) seeking his identity or, in the alternative, for a protective order. For the foregoing reasons, Doe No. 7's motion is denied.

## BACKGROUND

      Plaintiff John Wiley & Sons, Inc. ("Wiley") publishes books, including the popular "For Dummies" series. (Complaint dated Oct. 27, 2011, ¶¶ 1, 7.) On October 27, 2011, Wiley filed this action against twenty-seven defendants, seeking injunctive relief and damages for copyright infringement. Because Wiley knew the defendants only by their IP addresses, it served subpoenas on various internet service providers to obtain the defendants' names.

## DISCUSSION

I.  Motion to Proceed Anonymously

"As a general rule, parties may not litigate their disputes anonymously." Klein v. City of New York, No. 10 Civ. 9568 (LAK)(JLC), 2011 WL 3370402, at *1 (S.D.N.Y. Aug. 3, 2011). Federal Rule of Civil Procedure 10(a) requires that "[t]he title of the complaint must name all the parties." Because this rule "serves the vital purpose of facilitating public scrutiny of judicial proceedings . . . [it] cannot be set aside lightly." Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 188-89 (2d Cir. 2008). "When evaluating a request by a party to proceed anonymously or by pseudonym courts consider numerous factors, including whether identification would put the affected party at risk of suffering physical or mental injury." Geurrilla Girls, Inc. v. Kaz, 224 F.R.D. 571, 573 (S.D.N.Y. 2004) (quoting EW v. N.Y. Blood Ctr., 213 F.R.D. 108, 111 (E.D.N.Y. 2003)) (internal punctuation omitted).

Here, Doe No. 7 proffers no reason why he should proceed anonymously beyond his potential liability for copyright infringement. This justification is inadequate. See Doe v. United Servs. Life Ins. Co., 123 F.R.D. 437, 439 n.1 (S.D.N.Y. 1988) ("Courts should not permit parties to proceed pseudonymously just to protect the parties' professional or economic life."). Accordingly, Doe No. 7's motion to proceed anonymously is denied with prejudice.

II.  Personal Jurisdiction and Venue

"[P]rior to discovery, a plaintiff challenged by a jurisdiction testing motion may defeat the motion by pleading in good faith . . . legally sufficient allegations of jurisdiction, i.e., by making a prima facie showing of jurisdiction." Jazini v. Nissan Motor Co., 148 F.3d 181, 184 (2d Cir. 1998). Here, Wiley determined that Doe No. 7 is located in New York based on an IP

address location tool known as www.IP2location.com. Wiley's good faith allegation regarding Doe No. 7's location suffices to make a prima facie showing of jurisdiction. See Jazini, 148 F.3d at 184. Accordingly, Doe No. 7's motion to dismiss the complaint for lack of personal jurisdiction is denied without prejudice as premature.

As to venue, the copyright venue statute provides that a copyright infringement action may be brought "in the district in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400(a). And "[i]t is well-established that a defendant 'may be found' in any district in which he is subject to personal jurisdiction; thus, venue and jurisdiction are coextensive." Editorial Musical Latino Americana, S.A. v. Mar Int'l Records, Inc., 829 F. Supp. 62, 66 (S.D.N.Y. 1993). Because Doe No. 7's challenge to personal jurisdiction is premature, his challenge to venue is premature as well. Accordingly, Doe No. 7's motion to dismiss the complaint for improper venue is denied without prejudice.

III.    Joinder

Doe No. 7's request to be severed from the other defendants is also premature. This action is in its infancy, and each defendant will have ample time to challenge his inclusion in the litigation. See Sony Music Entm't Inc. v. Does 1-40, 326 F. Supp. 2d 556, 568 (S.D.N.Y. 2004); see also Artista Records LLC v. Does 1-16, Civ. No. 1:08-CV-765 (GTS/RFT), 2009 WL 414060, at *8 (N.D.N.Y. Feb. 18, 2009), aff'd sub nom., Arista Records, LLC v. Doe 3, 604 F.3d 110 (2d Cir. 2010)(denying request to be severed from other defendants as premature). Accordingly, Doe No. 7's motion for severance is denied without prejudice.

IV.     The Subpoena

Wiley issued subpoenas in this action to obtain the identities of the various John Doe defendants. Doe No. 7 now urges this Court to quash the subpoena seeking his identity or, in the alternative, to issue a protective order preventing disclosure of his identity. Doe No. 7 claims that such relief is necessary because Wiley "may pursue a predatory scheme against him." But Wiley merely seeks to obtain the names of individuals it believes have infringed its copyrights. Because Doe No. 7 has failed to identify any legal ground for shielding his identity from disclosure, the motion to quash is denied. Further, the Court denies Doe No. 7's application for a protective order under Federal Rule of Civil Procedure 26(c) because Doe No. 7 is not "a party or any person from whom discovery is sought[.]"

## CONCLUSION

For the foregoing reasons, Doe No. 7's motion to proceed anonymously is denied with prejudice. Doe No. 7's motions to dismiss the complaint for lack of personal jurisdiction and improper venue, and his motion for severance, are denied without prejudice. Finally, Doe No. 7's motion to quash the subpoena and for a protective order is denied. The Clerk of the Court is directed to terminate the motion pending at ECF No. 10.

Dated: February 3, 2012
       New York, New York

SO ORDERED:

WILLIAM H. PAULEY III
U.S.D.J.

*Counsel of Record:*

William Irvin Dunnegan, Esq.
Dunnegan LLC
350 Fifth Avenue
New York, NY 10118
*Counsel for Plaintiff*